

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-30,040-04

### EX PARTE ANDRES MATA VENEGAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 22608-B IN THE 3RD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of murder and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Venegas v. State*, No. 12-92-00393-CR (Tex .App.—Tyler Nov. 30, 1994)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges five grounds in his application, including actual innocence based on new DNA evidence, prosecutorial misconduct, and ineffective assistance of counsel. He alleges sufficient facts which, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art.

11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

We remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law. The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:        April 29, 2020
Do not publish